## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RAY BLANCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-306-JMS-MJD |
| | ) | |
| THE FEDERAL BUREAU OF | ) | |
| PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Discussing Complaint and Directing Further Proceedings

### I.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, [a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Ray Blanchard, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94.

## II.

Blanchard, a prisoner at the United States Penitentiary in Terre Haute, Indiana, ("USP-Terre Haute") sues the Federal Bureau of Prisons, Director Harley Lappin, Ms. Helen Marberry, Charles Lockett, and J. Beighly in their individual and official capacities regarding his medical care. His claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Blanchard has named Harley Lappin because he is the director of the Bureau of Prisons ("BOP") and thus is allegedly legally responsible for the overall operation of the BOP including the USP-Terre Haute.  Similarly, Helen Marberry and Charles Lockett were named as defendants because they are allegedly legally responsible for the operation of USP-Terre Haute and the welfare of all the prisoners housed there. None of these supervisory defendants are alleged to have personally caused the medical denial or delay which is alleged in the complaint. In addition, based on these defendants= positions at the prison, it is apparent that they are not medical practitioners and their job responsibilities do not include providing direct medical care to inmates. In addition, merely acting on Blanchard=s grievances, even if that action was not favorable to his requests, did not cause the underlying denial of rights Blanchard alleges. The consequence of this is that defendants Lappin, Marberry and Lockett did not have the personal involvement in any decision regarding Blanchard's medical care necessary to support a finding of liability under a *Bivens* theory and they must be dismissed. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Claims against defendants Lappin, Marberry and Lockett are therefore dismissed. The claim against the BOP is also dismissed because it is not a proper defendant in a suit brought pursuant to *Bivens* and because of the United States' immunity from suit. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005).

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

## III.

Claims against Ms. J. Beighley and Ms. N-dife shall proceed. The **clerk is directed** to **add "Ms. N-dife" as a defendant**.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue process to these defendants. Process shall consist of a summons. Because the plaintiff is

proceeding under the theory recognized in *Bivens,* **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994).

The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed on November 8, 2011, and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2) and 4(i)(3), at the expense of the United States.

**IT IS SO ORDERED.**

Date:  08/14/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Ray Blanchard
39642-037
Terre Haute - FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.