## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAY BLANCHARD,                     )  | |
|                                    )  | |
|       Plaintiff,   )  | |
|                                    )  | |
| vs.                                )  | 2:11-cv-306-JMS-MJD |
|                                    )  | |
| J. BEIGHLEY, et al.,               )  | |
|                                    )  | |
|                                    )  | |
|       Defendants. )  | |

### Entry Discussing Motion for Summary Judgment[1]

Ray Blanchard, an inmate at the United States Penitentiary in Terre Haute, Indiana, alleges in this action that the defendants violated the Eighth Amendment to the United States Constitution by exhibiting deliberate indifference to his serious medical needs. The defendants move for summary judgment, arguing that Blanchard failed to exhaust his available administrative remedies with respect to these claims.

### Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent

---

[1] The defendants entitle the motion "Motion to Dismiss," but provide evidence in support of the motion and a Notice to Pro Se Litigant pursuant to Local Rule 56.1(h). In addition, the court has referred to as a motion for summary judgment and the plaintiff titles his response "Response to Defendants Summary of Judgment." The court will therefore treat the defendants' motion as a motion for summary judgment.

evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

Blanchard has responded to the motion for summary judgment, but his response does not include the *Statement of Material Facts in Dispute* required by Local Rule 56-1(b). The response further is not accompanied by any citation to depositions, discovery responses, affidavits and other admissible evidence as required by Local Rule 56-1(b). District courts have discretion to strictly enforce their local rules even against pro se litigants. *See Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006); *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 809-10 (7th Cir. 2005). The consequence of failing to include the *Statement of Material Facts in Dispute* is that Blanchard has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 544 (7th Cir. 2011); *Wackett v. City of Beaver Dam,* 642 F.3d 578, 582 n.1 (7th Cir. 2011). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## Statement of Facts

Consistent with the foregoing, the following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Blanchard as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

The Federal Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8, prior to filing a formal administrative remedy request.

If the inmate is not satisfied with the informal remedy response (BP-8), he is required to first address his complaint with the Warden via a BP-9. 28 U.S.C. § 542.14. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a

BP-11. 28 C.F.R. § 542.15. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted, as to the specific issue(s) properly raised therein.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.16. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook, which is provided to all inmates upon initial intake at FCC Terre Haute.

Blanchard has submitted numerous informal requests to staff (also known as "cop-outs" or Inmate Requests to Staff) regarding his health treatment, and has initiated the formal remedy process numerous times. As to the remedy requests related to his medical care in 2010 and 2011 (remedies predating the date the complaint was filed), Blanchard initiated Remedy Number 610074 on October 6, 2010, alleging that he had been "waiting since Feb for Help with Med Issues," but did not pursue it beyond the Institution level to the Regional or Central Office level. Blanchard also initiated Remedy Number 626738 on February 16, 2011, claiming that he was "refused med treatment," but pursued it only to the Regional Level and no further. Blanchard then initiated Remedy Number 653394 on August 24, 2011, regarding "knee surgery issues," but bypassed the Regional Level and did not properly pursue the remedy past the Institution level. Finally Blanchard initiated Remedy Number 629791 on March 9, 2011, claiming "staff misconduct," but did not pursue it past the Institution level.

## Discussion

In analyzing a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The applicable law governing the defendants' is established by the Prison Litigation Reform Act (APLRA@).

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). A[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.@ *Id.* at 532 (citation omitted).

"[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some

orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

It is undisputed that Blanchard submitted informal requests to staff regarding his medical care and submitted BP-8s and BP-9s on a number of issues. But Blanchard saw none of these administrative remedies to its conclusion. In his response to the motion for summary judgment Blanchard asserts that he never received a response to a remedy request he submitted in July of 2012. He argues, therefore, that administrative remedies were not available to him. But he provides no evidence support this assertion and no evidence regarding his ability or inability to exhaust his administrative remedies with regard to his claims in this case. Further, in the event he did not receive a timely response to his administrative remedy requests, the administrative remedy procedures allowed Blanchard to treat the non-response as a denial and appeal to the next level. Blanchard provides no evidence that he did so. Finally, he provides no evidence that there is a connection between his administrative remedy request submitted in July of 2012 and the claims in this case, which was filed in November of 2011. Even if there were a connection, Blanchard's failure to initiate the administrative remedy process before filing this lawsuit would require dismissal of the suit. *See Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course."). The defendants' motion for summary judgment must therefore be granted.

## Conclusion

The defendants' motion for summary judgment [19] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/29/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Ray Blanchard
39642-037
Terre Haute - FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808